joan\james\pleadings\secondamendedcomplaint3/2/2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERROL JAMES<br>1813 Elston Street<br>Philadelphia, PA 19126-1524<br>　　　　　　　　Plaintiff<br><br>　　　　vs.<br>INTERSTATE CREDIT AND<br>COLLECTION, INC.<br>P.O. Box 731<br>Plymouth Meeting, PA 19462<br>　　　　　　　　Defendant | CIVIL ACTION<br><br><br><br><br>NO. 03-cv-1037 |

**SECOND AMENDED COMPLAINT**

I. **INTRODUCTION**

　　　This is an action brought by a consumer pursuant to the FairDebt Collection Practices Act, 15 U.S.C. §1692 which prohibits collectors from engaging in deceptive and unfair practices and the Fair Credit Reporting Act, 15 U.S.C. §1681 which strictly limits access to consumer credit reports. Defendant has continued to send collection notice(s) and to report plaintiff to the credit bureaus as delinquent despite having been advised that plaintiff has no connection with the debt Interstate is seeking to collect. In addition, defendant has unlawfully, without a permissible purpose and through false pretenses, acquired plaintiff's confidential consumer credit report from a Consumer Credit Reporting Agency.

II. **JURISDICTION**

　　　1.　　Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 ("FCRA"), actionable through 28 U.S.C. §1337.

**III.     PARTIES**

2. Plaintiff is Errol James. He is a consumer who resides in Philadelphia, Pennsylvania, at the address captioned.

3. Defendant Interstate Credit and Collections, Inc. ("Interstate") is believed to be a Pennsylvania corporation with a regular place of business in Montgomery County and a mailing address as captioned.

4. The principal purpose of defendant Interstate is the collection of debts using the mails and telephone. Interstate regularly attempts to collect debts alleged to be due another. Interstate is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6). Interstate is also a furnisher of information to one or more consumer reporting agencies, as that term is contemplated in the FCRA, §1681s2(b), as well as a "user" of information as contemplated in § 1681b(f).

**IV.     STATEMENT OF CLAIM**

5. On January 27, 2003, the defendant Interstate, in an attempt to collect a consumer debt, sent the plaintiff a communication with regard to the collection of a debt that was allegedly owed to Einstein Medical Center. A true and correct copy of the correspondence from Interstate is attached hereto as Exhibit "A" (redacted per local rule).

6. James advised Interstate, orally and in writing, that the charge was not his obligation, he had not been to Einstein Medical Center in several years, and had no obligation to them at all.

7. Interstate reported and continued to report the claim to one or more credit reporting agencies as delinquent.

8. Interstate advised James that they would cease collection efforts, but would not remove the derogatory credit reporting.

9. Interstate continued in its efforts to collect by sending ongoing dunning letter(s) to plaintiff.

10. Interstate continued to falsely report derogatory details concerning plaintiff to the credit reporting agencies.

11. Interstate failed to conduct an investigation or an adequate investigation, with respect to the disputed debt, to review the pertinent information and accurately report back to the credit reporting agencies.

12. To the contrary, Interstate refused to investigate, and has demanded substantial monies from Errol James, an individual with no liability for or connection with the debt claimed due.

13. On July 16, 2003, Interstate obtained from Equifax, a Consumer Reporting Agency, a transmittal of plaintiff's confidential consumer credit report. Defendant did so through false pretenses and without a permissible purpose, in violation of 15 U.S.C. §1681b(a),(f) and 1681q. Specifically, in an effort to access and print plaintiff's credit report, Interstate surreptitiously subpoenaed itself.  Moreover, plaintiff was not notified of the issuance or service of the subpoena nor production of the report and no deposition was noticed.

14. Defendant had no permissible purpose to obtain the report and misrepresented a permissible purpose to the CRA.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

16. Interstate has communicated credit information concerning plaintiff which is knows or should know to be false, including the failure to communicate that this disputed debt is in fact disputed, in violation of §1692e(8).

17. Interstate, in continuing to demand payment of a claim with no liability on the part of or in connection with plaintiff, has falsely represented the character and amount of any debt, in violation of §1692e, 1692e(2).

## COUNT II - FAIR CREDIT REPORTING ACT

18. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

19. Interstate has, on more than one occasion, furnished credit information concerning the plaintiff to one or more credit reporting agencies.

20. Despite express notice that the debt claimed due is disputed and indeed not even the plaintiff's obligation, Interstate has failed to report completely and accurately to the credit reporting agencies.

21. Rather, as a nefarious, yet inexpensive way to continue collection efforts, Interstate has chosen to impair and harm plaintiff's good credit by continuing to report plaintiff as delinquent as to this claimed debt.

22. Interstate also accessed plaintiff's confidential consumer credit report through false pretenses and without a permissible purpose.

23. The acts and occurrences described above violate the Fair Credit Reporting Act, §1681s-2(b), 1681b(f) and 1681q, and constitutes willful or alternatively negligent conduct, actionable under §1681n and 1681o.

**WHEREFORE,** plaintiff demands judgment for:

    (a)    actual damages;

    (b)    statutory damages;

    (c)    punitive damages, §1681n(a)

    (d)    counsel fees and costs;

    (e)    such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 3/2/04

*/s/ Cary L. Flitter*
CARY L. FLITTER
LUNDY, FLITTER,
BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782

SUSAN M. BOLTZ
ERAN RUBINSTEIN
BOLTZ & RUBINSTEIN, P.C.
Two Penn Center Plaza, Suite 200
Philadelphia, PA 19102
(215) 854-6420

**Attorneys for Plaintiff**

5

joan\james\pleadings\secondamendedcomplaint3/2/2004

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERROL JAMES<br>1813 Elston Street<br>Philadelphia, PA 19126-1524<br>                      Plaintiff | CIVIL ACTION |
|            vs.<br>INTERSTATE CREDIT AND<br>COLLECTION, INC.<br>P.O. Box 731<br>Plymouth Meeting, PA 19462<br>                      Defendant | NO. 03-cv-1037 |

## **CERTIFICATE OF SERVICE**

      I, CARY L. FLITTER, do hereby certify that I did mail a copy of the foregoing, via first class mail, to the following:

      Seymour Lackier, Esquire
      1349 West Indian Creek Drive
      Wynnewood, PA 19096
      **Attorney for Defendant**


DATE:  3/2/04                                             */s/ Cary L. Flitter*
                                                                  CARY L. FLITTER