IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERROL JAMES | : | |
| | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 03-CV-1037 |
| | : | |
| INTERSTATE CREDIT AND | : | |
| COLLECTION, INC. | : | |

**MEMORANDUM & ORDER**

**SURRICK, J.**                                                                **APRIL 28, 2005**

_____Presently before the Court is Plaintiff Errol James's Motion for Summary Judgment (Doc.

No. 35).  For the following reasons, Plaintiff's Motion will be denied.[1]

Plaintiff seeks summary judgment on his claim that Defendant Interstate Credit and

Collection, Inc. ("ICC") violated § 1692e(8) of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §§ 1692-1692o.  Plaintiff also seeks summary judgment on his claim that

Defendant ICC violated § 1681b(f) of the FCRA.  Summary judgment is appropriate "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A genuine issue of

material fact exists only when "the evidence is such that a reasonable jury could return a verdict

for the non-moving party."  _Anderson v. Liberty Lobby, Inc.,_ 477 U.S. 242, 248 (1986).  We will

not resolve factual disputes or make credibility determinations.  _Siegel Transfer, Inc. v. Carrier_

_____

[1]As discussed hereinafter, we will grant summary judgment to Defendant on Plaintiff's
claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

*Express, Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

After a thorough review of the record and the submissions of counsel, we are satisfied that genuine issues of material fact exist regarding Defendant's alleged violation of § 1692e(8) of the FDCPA. Accordingly, Plaintiff's Motion will be denied as to that claim.

With regard to Plaintiff's claim that Defendant violated the FCRA, Plaintiff contends that Defendant obtained Plaintiff's consumer report "through false pretenses and without a permissible purpose." (Second Am. Compl. ¶ 22.) Defendant ICC obtained Plaintiff's consumer report to determine whether a specific disputed debt had been removed from the Plaintiff's consumer report. (Rosenberg Dep. at 77-78.)

The FCRA requires that a user of a consumer report obtain it for a permissible purpose:

A person shall not use or obtain a consumer report for any purpose unless - (1) the consumer report is obtained for a purpose for which the consumer is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f) (2000). The statute recognizes several permissible purposes for obtaining a consumer report, *see id.* § 1681b, two of which are relevant to the instant inquiry.

First, a consumer report may be obtained by a person[2] who "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer[.]" *Id.* § 1681b(a)(3)(A). Defendant ICC obtained Plaintiff's consumer report to determine the status of the debt that is the subject of this suit. This is a

---

[2]"The term 'person' means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or entity." 15 U.S.C. § 1681a(b) (2000).

permissible purpose under § 1681b(a)(3)(A).  *See Korotki v. Attorney Servs. Corp., Inc.*, 931 F. Supp. 1269, 1277 (D. Md. 1996), *aff'd*, 131 F.3d 135 (4th Cir. 1997).

Second, a consumer report may be provided to a person who "has a legitimate business need for the information - (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account."  *Id.* § 1681b(a)(3)(F).  "Preparation for litigation can qualify as a permissible purpose under the broad language of § 1681b(a)(3)(F)."  *Minter v. AAA Cook County Consolidation, Inc.*, No. 02 C 8698, 2004 U.S. Dist. LEXIS 13629, at *13 (N.D. Ill. July 19, 2004) (citing *Allen v. Kirkland & Ellis*, No. 91 C 8271, 1992 U.S. Dist. LEXIS 12383, at *7 (N.D. Ill. Aug. 17, 1992)); *see also Korotki*, 931 F. Supp. at 1277.  When a plaintiff consumer files a lawsuit against a defendant debt collector, the defendant has a legitimate business need to obtain the plaintiff's consumer report when it seeks to ascertain whether a disputed debt has been removed from the plaintiff's consumer report.[3]  *See Minter*, 2004 U.S. Dist. LEXIS 13629, at *15; *Allen*, 1992 U.S. Dist. LEXIS 12383, at *7.  Thus, Defendant obtained Plaintiff's consumer report for a permissible purpose under § 1681b(a)(3)(F).

Because Defendant obtained Plaintiff's consumer report for a permissible purpose under 15 U.S.C. § 1681b, Plaintiff's Motion will be denied as to this claim and summary judgment will be granted to Defendant ICC.  Generally, a court must provide notice to the parties that summary judgment is being considered.  Fed. R. Civ. P. 56(c); *Gibson v. Mayor of Wilmington*, 355 F.3d 215, 223 (3d Cir. 2004) (quoting *Otis Elevator Co. v. George Wash. Hotel Corp.*, 27 F.3d 903,

---

[3]Because Defendant ICC has a legal right to Plaintiff's consumer report, we will not address the unusual method by which Defendant's counsel obtained the report, i.e., issuing a subpoena to his own client.  *See Allen*, 1992 U.S. Dist. LEXIS 12383, at *6 n.3.

910 (3d Cir. 1994)).  However, a court may grant summary judgment *sua sponte* absent notice when there is:  (1) a fully developed record; (2) lack of prejudice; or (3) a decision based on a purely legal issue.[4]  *Gibson*, 355 F.3d at 224 (affirming district court's *sua sponte* grant of summary judgment).

Here, each of these factors is satisfied.  The record is complete on the discrete issue of why Defendant obtained Plaintiff's consumer report.  Plaintiff moved for summary judgment on this claim under the FCRA.  Therefore, he was not prejudiced by the lack of notice because "he certainly had the opportunity to put his 'best foot forward.'"  *Id.*  In addition, we grant summary judgment to Defendant on Plaintiff's FCRA claim because the law is clear that Defendant acted with a permissible purpose when it obtained Plaintiff's consumer report.  Since the parties have fully developed the relevant legal issues, and there is a complete evidentiary record, summary judgment in favor of Defendant on Plaintiffs FCRA claim is appropriate.

An appropriate Order follows.

---

[4]The *Gibson* court did not decide whether all of these factors must exist in order to sustain a district court's *sua sponte* grant of summary judgment.  *Gibson*, 355 F.3d at 224.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERROL JAMES                          :
                                     :          CIVIL ACTION
                                     :
        v.                           :
                                     :          NO.  03-1037
INTERSTATE CREDIT                    :
AND COLLECTION, INC.                 :

**ORDER**

AND NOW, this 28th day of April, 2005, upon consideration of Plaintiff's Motion

For Summary Judgment (Doc. No. 35, No. 03-CV-1037), and all papers submitted in support

thereof and in opposition thereto, it is ORDERED as follows:

1.      Summary Judgment is DENIED as to Count I of the Second Amended

        Complaint alleging violation of § 1692e(8) of the Fair Debt Collection

        Practices Act, 15 U.S.C. §§ 1692-1692o.

2.      Summary Judgment is GRANTED in favor of Defendant Interstate Credit

        and Collection, Inc. and against Errol James as to Count II of the Second

        Amended Complaint alleging violation of the Fair Credit Reporting Act, 15

        U.S.C. §§ 1681-1681x.

IT IS SO ORDERED.

                                        BY THE COURT:



                                        S:/R. Barclay Surrick, Judge