IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

| | |
|---|---|
| ERROL JAMES, | : |
| | :     Civil Action No.: 03-CV-1037 |
| | : |
|          Plaintiff, | : |
| v. | : |
| | : |
| INTERSTATE CREDIT AND | : |
| COLLECTION, INC., | : |
|          Defendant. | : |
| | : |

## ORDER

AND NOW, this _____ day of _____, 2005, upon consideration of Defendant, Interstate Credit and Collection, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction and For Lack of Standing, and any response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and  Plaintiff's Second Amended Complaint is hereby dismissed with prejudice; and it is hereby ORDERED and DECREED that any motion seeking fees or costs shall be filed no later than _____.

BY THE COURT:

_____

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

| | | |
|---|---|---|
| ERROL JAMES, | : | Civil Action No.:  03-CV-1037 |
| | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| INTERSTATE CREDIT AND | : | |
| COLLECTION, INC., | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S  MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION
AND FOR LACK OF STANDING**

AND NOW, Defendant, Interstate Credit and Collection, Inc., by and through its counsel Maurice & Needleman, P.C., hereby respectfully requests that this Honorable Court grant Defendant's Motion to Dismiss for lack of subject matter jurisdiction and for lack of standing and in support thereof states as follows:

1.    Plaintiff has brought a two count action against Defendant under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act, 15 U.S.C. § 1692 and 1681 respectively.

2.    On April 28, 2005, this Honorable Court entered Summary Judgment in favor of the Defendant and against Plaintiff dismissing Count II of Plaintiff's Second Amended Complaint alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

1

3.      The only remaining issues to be tried before this Court are whether Defendant violated the FDCPA as alleged in Count I of Plaintiff's complaint and if a violation is found to have occurred, if Plaintiff has been damaged as a result of the alleged violation.

4.      Plaintiff conveniently omitted the dates on which the alleged communications, reporting, etc. took place, in his complaint, in an effort to mask the fact that this his claim was barred by the statute of limitations.

5.      Plaintiff's Statement of the Case, however, reveals what Plaintiff now intends to prove at trial and establishes that Plaintiff's claim was not brought within the one-year limitation period.

6.      This Honorable Court lacks subject matter jurisdiction over this cause of action and must dismiss Plaintiff's Second Amended Complaint with prejudice.

7.      The uncontested evidence further established that no communications were sent plaintiff, but that they were sent to Plaintiff's son who has the same name.

8.      Plaintiff has no standing to bring this claim, therefore this Honorable Court must dismiss Plaintiff's Second Amended Complaint with prejudice.

9.      Defendant incorporates the memorandum of law and pleadings in support of the within motion.

Respectfully Submitted,
**Maurice & Needleman, P.C.**

By:      *s/ Joann Needleman*

Joann Needleman, Esq.
935 One Penn Center
1617 John F. Kennedy Blvd
Philadelphia, PA  19103

*Attorneys for Defendant,*
*Interstate Credit and Collection, Inc.*

Dated:  August 5, 2005

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

|  |  |  |
|---|---|---|
| ERROL JAMES, | : | |
| | : | Civil Action No.: 03-CV-1037 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| INTERSTATE CREDIT AND | : | |
| COLLECTION, INC., | : | |
| Defendant. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF
SUBJECT MATTER JURISDICTION AND FOR LACK OF STANDING**

AND NOW, Defendant, Interstate Credit and Collection, Inc., by and through its

counsel Maurice & Needleman, P.C., hereby respectfully requests that this Honorable

Court grant Defendant's Motion To Dismiss Plaintiff's Complaint for Lack of Subject

Matter Jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1) and for Lack of Standing.

**I.     INTRODUCTION**

Plaintiff has brought a two count action against Defendant under the Fair Debt

Collection Practices Act and the Fair Credit Reporting Act, 15 U.S.C. § 1692 and 1681

respectively.  On April 28, 2005, this Honorable Court entered Summary Judgment in

favor of the Defendant and against Plaintiff dismissing Count II of Plaintiff's Second

Amended Complaint alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. §

1681.

The only claim remaining is an alleged violation of the FDCPA.  In what can only

be described as bad faith, plaintiff conveniently omitted the dates on which the alleged

communications, reporting, etc. took place, in his complaint, in an effort to mask the fact

that this his claim was barred by the statute of limitations.  Plaintiff's Statement of the Case, however, reveals what Plaintiff now intends to prove at trial and establishes that Plaintiff's claim was not brought within the one-year limitation period.

This brief will establish that Plaintiff's failure to bring his claim within the one-year limitation period strips this Honorable Court of subject matter jurisdiction.  This Honorable Court cannot consider the validity of the claims before it, and must dismiss Plaintiff's complaint with prejudice.  This brief will further demonstrate the Plaintiff lacks standing to bring the within cause of action as to the alleged communications as all of the communications sent to "Errol James" were intended for Errol James, the son.  The fact that Errol James, the father opened his son's mail does not give rise to a cause of action under the FDCPA.

## II.   LEGAL ARGUMENT

### A.   PLAINTIFF FAILED TO BRING HIS CLAIM WITHIN THE ONE-YER LIMITATION PERIOD ANS THEREFORE THIS HONORABLE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CAUSE OF ACITON

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Kehr Packages, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  "Furthermore, the district court may not presume the truthfulness of plaintiff's allegations, but rather must 'evaluate for itself the merits of [the] jurisdictional claims.'" Id., citing, Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

It is well-settled that the one-year statute of limitations imposed by the FDCPA is a jurisdictional limitation placed on the federal courts by Congress which the courts "are not at liberty to disregard." Mattson v. U.S. West Communications, 967 F.2d 259, 262 (8th Cir. 1992).  "The one year limitation period in the FDCPA . . . is jurisdictional and

not subject to waiver or tolling." Agosta v. Inovision, Inc., 2003 U.S. Dist. Lexis 23889 (E.D. Pa. 2003). "The limitations period runs from the date of the alleged violation and not the date on which plaintiff became aware of it." Id.

Set forth below are the remaining allegations made by plaintiff, the corresponding dates which are now alleged in Plaintiff's Statement of the Case (hereinafter, Case Statement which is attached hereto as *Exhibit A*), and assuming for the purposes of this motion that all dates and facts alleged by plaintiff are true, the expiration date of the one-year limitation period .

1) On January 27, 2003, the defendant Interstate, in an attempt to collect a consumer debt, sent plaintiff a communication with regard to the collection of a debt that was allegedly owed to Einstein Medical Center. (2nd Amended Complaint ¶ 5).

   This statement does not allege a violation.

2) James advised Interstate, orally and in writing, that the charge was not his obligation, he had not been to Einstein Medical Center in several years, and had no obligation to them at all.   (2nd Amended Complaint ¶ 6).

   Case Statement indicates that these alleged disputes were made in the year of 2000.  (Case Statement ¶ 2-3).

   One-Year limitation period expired on December 31, 2001.

3) Interstate reported and continued to report the claim to one or more credit reporting agencies as delinquent. (2nd Amended Complaint ¶ 7).

   Case Statement indicates that Defendant reported the debt on October 1, 1999.  (Case Statement ¶ 1).

   One-Year limitation period expired on September 30, 2000.

4) Interstate advised James that they would cease collection efforts, but would not remove derogatory credit reporting.  (2nd Amended Complaint ¶ 8).

   No evidence supports this claim.  Plaintiff lacks standing to assert a claim under the FDCPA.

3

5)   Interstate continued to falsely report derogatory details concerning plaintiff to the credit reporting agencies.  (2nd Amended Complaint ¶ 9).

>   Case Statement indicates that plaintiff filed a consumer dispute with a credit reporting agency in April 2001 and alleges that Plaintiff failed to report that they debt was disputed.  (Case Statement ¶ 3).

>   One-Year limitation period expired in April 2002.

6)   Interstate has communicated credit information concerning plaintiff which is (sic) knows or should know to be false, including the failure to communicate that this disputed debt is in fact disputed, in violation of § 1692e(8).  (2nd Amended Complaint ¶ 16).

>   Case Statement indicated that Defendant reported information on October 1, 1999 and then failed to report alleged dispute in the fall of 2000 and in April of 2001.  (Case Statement ¶'s 1-3).

>   One-Year limitation periods expired in September 30, 1999, fall of 2001 and April 2002 respectively.

7)   Interstate, in continuing to demand payment of a claim with no liability on the part of or in connection with plaintiff, has falsely represented the character and amount of the debt, in violation of § 1692e, 1692e(2).  (2nd Amended Complaint ¶ 17).

>   Evidence established that no communications were sent plaintiff, but were sent to plaintiff's son who has the same name.  Plaintiff has no standing to bring this claim.

As set forth above, assuming for the purposes of this motion that all dates and facts alleged by plaintiff are true, the statute of limitations has run on each and every allegation made by Plaintiff.  This Honorable Court has no jurisdiction over the within claim and must dismiss Plaintiff's Second Amended Complaint with prejudice.

B.     PLAINTIFF HAS LACK OF STANDING TO BRING THE WITHIN
       CAUSE OF ACTION UNDER THE FDCPA

Standing is a constitutional requirement.  U.S. Const. Art. III, § 2.  The Supreme

Court has explained the law of standing:

> Over the years, our cases have established that the irreducible
> constitutional minimum of standing contains three elements.  First, the
> plaintiff must have suffered an injury in fact—an invasion of a legally
> protected interest which is (a) concrete and particularized; and (b) actual
> or imminent, not conjectural or hypothetical.  Second, there must be a
> causal connection between the injury and the conduct complained of—the
> injury has to be fairly traceable to the challenged action of the defendant,
> and not the result of the independent action of some third party not before
> the court.  Third, it must be likely, as opposed to merely speculative, that
> the injury will be redressed by a favorable decision.

Lugan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 119 L. Ed. 2d 351, 112 S. Ct.

2130 (1992) (citations and quotation marked omitted).  Plaintiff lacks standing because

he fails the first requirement, he has no legally protected interest which has been violated.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt

collectors" . . . and to "protect consumers against debt collection abuses."  15 U.S.C. §

1692.  The FDCPA defines a consumer as "[a]ny natural person obligated or allegedly

obligated to pay any debt."  15 U.S.C. § 1692(a).  ICC never attempted to collect a debt

from Errol F. James, the father and never sent a letter addressed to Errol F. James, the

father.  (See deposition testimony of defendant, wherein defendant testified that the letter

was intended for the son. *Exhibit B*).  Errol F. James, the father, is not "obligated or

allegedly obligated to" pay the debt defendant attempted to collect from Errol James, the

son.  Just because Errol F. James, the father opened and read a letter addressed to his son,

Errol James, does not create a cause of action for Errol F. James, the father, under the

FDCPA.  See, Kropelnicki v. Siegel, 290 F.3d 118, 130 (2nd Cir. 2002).

5

In <u>Kropelnicki v. Siegel</u>, the court dismissed Plaintiff's complaint concluding that the complaint "alleges no facts indicating that she stood in her daughter's shoes or had the authority to open and read her mail," and that "accordingly, she lacks standing to claim that the letter was a violation of the FDCPA." <u>Id</u>.  The court further held that the letter could not constitute an improper communication with Kropelnicki because the letter was not addressed to the mother and cannot be viewed as communication with her.  <u>Id.</u>

The facts in this case are analogous to those in <u>Kropelnicki v. Siegel.</u>  The debt which Defendant attempted to collect was the debt of Errol James, the son.  Defendant addressed the letter to Errol James as set forth on his medical history form.  Defendant never sent a letter addressed to Errol F. James, the father.  Plaintiff has not alleged that his had authority to open his son's mail.  Furthermore, Plaintiff knew that his son received medical treatment at Einstein Medical Center and therefore Plaintiff knew or should have known that the letter sent to Errol James was intended for his son.  Plaintiff has no standing to bring the within cause of action against Defendant under the FDCPA.

## III.   CONCLUSION

For the reasons set forth above, this Honorable Court must dismiss Plaintiff's Second Amended Complaint with prejudice.

It is respectfully requested that this Honorable Court retain limited jurisdiction over this cause of action and grant Defendant leave to move for attorneys' fees and costs associated with the defense of this action pursuant to 15 U.S.C. § 1692k(a)(3) and <u>Fed. R. Civ. Pro.</u> 68.

Respectfully Submitted,

**Maurice & Needleman, P.C.**

By:     *s/ Joann Needleman*

Joann Needleman, Esq.
935 One Penn Center
1617 John F. Kennedy Blvd
Philadelphia, PA  19103
(215) 789-7151
(215) 563-8970 fax
joann@mnlawpc.com

*Attorneys for Defendant,*
*Interstate Credit and Collection, Inc.*

Dated:  August 5, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

| | | |
|---|---|---|
| ERROL JAMES, | : | Civil Action No.:  03-CV-1037 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| INTERSTATE CREDIT AND | : | |
| COLLECTION, INC., | : | |
| Defendant. | : | |

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that on this       day of August, 2005, a copy of

the foregoing, Defendant, Interstate Credit and Collection, Inc.'s Motion to Dismiss

Plaintiff's Second Amended Complaint for Lack of Subject Matter Jurisdiction and For

Lack of Standing, Memorandum of Law, and Proposed Order, is being served on the

person(s) set forth below, and in the manner indicated:

Via electronic filing with:

**Clerk, United States District Court**
**Eastern District of Pennsylvania**

The ECF system sent notification of such filing to :

Cary L. Flitter, Esq.
Lundy, Flitter, Beldecos & Berger, P.A.
450 N. Narberth Ave.
Narberth, PA  19072
Attorney for Plaintiff

Gregory L. Nester, Esq.
11 W. Germantown Pike
Plymouth Meeting, PA  19462

1

Eran Rubinstein, Esq.
Boltz & Rubinstein, P.C.
Two Penn Ctr. Plaza
Suite 200
Philadelphia, PA  19102

Said documents are available to Plaintiff from the ECF system.

     I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


By:    *s/ Joann Needleman*

       Joann Needleman, Esq.
       Maurice & Needleman, P.C.
       935 One Penn Center
       Philadelphia, PA  19103
       (215) 665-1133
       Attorneys for Defendant,
       Interstate Credit and Collection, Inc.